## PADILLA v. HIATT.
### No. 13944.

United States Court of Appeals
Fifth Circuit.
May 20, 1952.

No appearance entered on behalf of appellant.

J. Ellis Mundy, U. S. Atty., Harvey H. Tisinger, H. A. Stephens, Jr., Assts. U. S. Atty., all of Atlanta, Ga., for appellee.

Before HOLMES, STRUM, and RIVES, Circuit Judges.

STRUM, Circuit Judge.

This is a petition in habeas corpus, brought to test the validity of petitioner's detention hereinafter mentioned. The petition was denied below.

On August 4, 1948, petitioner was convicted of a criminal offense in the United States District Court for the Southern District of New York, and on August 5, 1948, sentenced to a term of imprisonment. Execution of the sentence was suspended and petitioner placed on probation under the standing probation order of said court, and upon the further condition that petitioner "leave the United States, on a vessel bound for San Juan, P. R., and not return to the United States within the period for which the sentence runs." Petitioner went to Puerto Rico, and the case was transferred there for supervision, the United States District Court for Puerto Rico consenting to said transfer on November 1, 1948.

On December 3, 1948, petitioner was arrested in Puerto Rico for the commission of another offense, because of which the Puerto Rico court revoked his probation and committed him to serve the original sentence imposed in New York. Petitioner brings this habeas corpus to test the validity of the latter order, asserting that the second paragraph of 18 U.S.C.A. § 3653 is inapplicable to him because it had not been enacted when he was sentenced, nor when his probation was revoked, from which he concludes that the Puerto Rico court was without jurisdiction.

The second paragraph of 18 U.S.C.A. § 3653 became a part of the statute June 25, 1948,[1] prior to petitioner's conviction in New York. It provides: "Whenever during the period of his probation, a probationer heretofore or hereafter placed on probation, goes from the district in which he is being supervised to another district, jurisdiction over him may be transferred, * * *, from the court for the district from which he goes to the court for the other district, with the concurrence of the latter court. Thereupon the court for the district to which jurisdiction is transferred shall have all power with respect to the probationer that was previously possessed by the court for the district from which the transfer is made, except that the period of probation shall not be changed without the consent of the sentencing court."

This provision, in effect when petitioner was originally convicted, and still in effect when his probation was revoked, clearly authorizes the action of which petitioner complains. His contention that this enactment is as to him *ex post facto*, is not well taken. His detention being lawful, the writ of habeas corpus was properly denied.

Affirmed.

1. The statute was twice amended on June 25, 1948. The first amendment, chap. 645, 62 Stat. 683, text page 842, approved at 12:23 p. m. E. D. T., was a part of the general revision of Title 18 U.S.Code. It did not contain the language above quoted. The second amendment, chap. 653, approved June 25, 1948, at 4:38 p. m. E. D. T., 62 Stat. 1016, introduced into the statute the above quoted provision, which is now the second paragraph of the statute. This statute was again amended, in respects not here material, by the Act approved May 24, 1949, chap. 139, sec. 56, 63 Stat. 96.